UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* ALISIA ROBINSON-HILL and DAVID A. PRICE, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No: 5:08-cv-145-KKC |
| NURSES' REGISTRY AND HOME HEALTH CORP.; LENNIE G. HOUSE; VICKI S. HOUSE, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## ANSWER OF DEFENDANTS, NURSES' REGISTRY AND HOME HEALTH CORPORATION AND LENNIE G. HOUSE

_____

Come the defendants, Nurses' Registry and Home Health Corporation ("NRHH") and Lennie

G. House (collectively referred to herein as "Defendants"), by counsel, and for their Answer to the

United States' Complaint in Intervention (referred to herein as the "Complaint"), state as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted, and should therefore

be dismissed with prejudice.

### SECOND DEFENSE

The claims and causes of action asserted in the Complaint are barred, in whole or in part, by

the applicable to statutes of limitation.

## THIRD DEFENSE

Certain claims and causes of action asserted in the Complaint have been dismissed or limited by virtue of the Order entered on September 29, 2012, (Doc. # 84), and by the Memorandum Opinion and Order entered on October 2, 2012, (Doc. # 87).

## FOURTH DEFENSE

1. Defendants admit so much of numerical paragraph 1 of the Complaint as alleges that this is an action brought by the United States of America. Defendants deny the remainder of numerical paragraph 1 of the Complaint as asserts or implies that the government is entitled to any relief under the stated statutes or theories.

2. Defendants admit so much numerical paragraph 2 of the Complaint as alleges that the relators originally filed an action on behalf of the United States pursuant to the *qui tam* provisions of the False Claims Act and that the United States has intervened. Defendants deny the balance of numerical paragraph 2 of the Complaint, specifically to the extent that it claims or implies that the United States or the relators are entitled to any relief.

3. Defendants deny the allegations set forth in numerical paragraph 3, 4, and 5 of the Complaint.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 6 of the Complaint to the extent such numerical paragraph attempts to characterize the nature of the allegations against Defendants, and therefore deny the same. Defendants deny the remainder of the allegations set forth in numerical paragraph 6 of the Complaint

5. Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in numerical paragraph 7 of the Complaint to the extent it attempts to characterize the nature of the claims or allegations, and therefore deny the same. Defendants deny the remainder of the allegations set forth in numerical paragraph 7 of the Complaint.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraphs 8, 9, 10, 11, and 12 of the Complaint, and therefore deny the same.

7. Defendants admit so much of numerical paragraph 13 of the Complaint as alleges that the relator, Alisha Robinson-Hill, is a former employee of NRHH. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in numerical paragraph 13 of the Complaint, and therefore deny the same.

8. Defendants admit so much of numerical paragraph 14 of the Complaint as alleges that the relator, David A. Price, is a former employee of NRHH. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in numerical paragraph 14 of the Complaint, and therefore deny the same.

9. Defendants admit the allegations set forth in numerical paragraphs 15, 16, and 17 of the Complaint.

10. Because the following numerical paragraphs of the Complaint attempt to summarize and/or characterize certain federal statutes, and as those federal statutes speak for themselves, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraphs 18, 19, 20, 21, 22, 23, 24, 25, and 26 of the Complaint, and therefore deny the same.

11. Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in numerical paragraphs 27 and 28 of the Complaint, to the extent such numerical paragraphs cite or quote certain federal statutes and regulations, and therefore deny the same. Defendants admit the remainder of the allegations set forth in numerical paragraphs 27 and 28 of the Complaint.

12. Because the following numerical paragraphs of the Complaint attempt to summarize and/or characterize the Medicare Benefit Policy Manual, and because the Medicare Benefit Policy Manual speaks for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraphs 29, 30, and 31 of the Complaint, and therefore deny the same.

13. Defendants admit so much of numerical paragraph 32 of the Complaint as alleges that, at times, Medicare has paid home health providers under a Prospective Payment System. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in numerical paragraph 32 of the Complaint, and therefore deny the same.

14. Because the following numerical paragraphs of the Complaint attempt to summarize and/or characterize the Medicare Prospective Payment System, and because the regulations and guidelines governing such Prospective Payment System are detailed and speak for themselves, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraphs 33, 34, 35, 36, 37, 38, 39, 40, and 41 of the Complaint, and therefore deny the same. Defendants specifically deny so much of numerical paragraph 39 of the Complaint as alleges that it is financially advantageous for a home health agency like NRHH to provide at least five visits to a patient, and/or to meet certain therapy thresholds, within an episode of care.

15.   Defendants admit the allegations set forth in numerical paragraphs 42 and 43 of the Complaint.

16.   Because numerical paragraph 44 of the Complaint attempts to summarize and/or characterize the Electronic Data Interchange Enrollment Agreement, and because such Agreement speaks for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 44 of the Complaint, and therefore deny the same.

17.   Defendants admit so much of numerical paragraph 45 of the Complaint that alleges, or attempts to allege, that NRHH submitted claims other than by electronic means.  Because numerical paragraph 45 of the Complaint attempts to summarize and/or characterize the Form CMS-1450 (UB-04), and because such Form speaks for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in numerical paragraph 45 of the Complaint, and therefore deny the same.

18.   Defendants admit so much of numerical paragraph 46 of the Complaint as alleges that Palmetto processed claims for payment to NRHH.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in numerical paragraph 46 of the Complaint, and therefore deny the same.

19.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 47 of the Complaint to the extent such paragraph cites a particular federal regulation, and therefore deny the same.  Defendants admit the remainder of the allegations set forth in numerical paragraph 47 of the Complaint.

20.   Defendants admit the allegations set forth in numerical paragraph 48 of the Complaint.

21.  Because numerical paragraphs 49 and 50 of the Complaint attempt to summarize and/or characterize cost reports allegedly submitted by NRHH, and because such cost reports speak for themselves, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraphs 49 and 50 of the Complaint, and therefore deny the same.

22.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraphs 51, 52, and 53 of the Complaint, and therefore deny the same.

23.  Defendants admit the allegations set forth in numerical paragraph 54 of the Complaint.

24.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraphs 55, 56, and 57 of the Complaint, and therefore deny the same.

25.  Defendants deny the allegations set forth in numerical paragraphs 58, 59, 60, 61, 62, and 63 of the Complaint.

26.  Because numerical paragraphs 64, 65, and 66 of the Complaint attempt to summarize and/or characterize the practices and procedures of NRHH, and are incomplete, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraphs 64, 65, and 66 of the Complaint, and therefore deny the same.

27.  Defendants deny the allegations set forth in numerical paragraphs 67 and 68 of the Complaint.

28.  Numerical paragraph 69 of the Complaint attempts to summarize and/or characterize Exhibit 1 to the Complaint, which speaks for itself, and as a result, Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 69 of the Complaint, and therefore deny the same.

29. Defendants deny the allegations set forth in numerical paragraphs 70, 71, 72, 73 and 74 of the Complaint.

30. Numerical paragraph 75 of the Complaint attempts to summarize and/or characterize certain patient medical records, which records speak for themselves, and therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 75 of the Complaint, and therefore deny the same.

31. Defendants admit so much of numerical paragraph 76 of the Complaint as alleges that without a physician's certification that the patient needs or continues to need home health care, the patient is not eligible for Medicare's home health benefit. Defendants deny the remainder of the allegations set forth in numerical paragraph 76 of the Complaint.

32. Defendants deny the allegations set forth in numerical paragraphs 77 and 78 of the Complaint.

33. Numerical paragraph 79 of the Complaint attempts to summarize one aspect of the Medicare Prospective Payment System, therefore Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations forth in numerical paragraph 79 of the Complaint, and therefore deny the same.

34. Defendants deny the allegations set forth in numerical paragraphs 80 and 81 of the Complaint.

35. Defendants deny so much of numerical paragraph 82 of the Complaint as alleges that any increase in the number of episodes in which ten therapy visits were made instead of nine is

attributable to the fact that ten therapy visits permitted NRHH to use certain HIPPS codes on its claims for payment that would result in higher Medicare payments. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in numerical paragraphs 82 of the Complaint, and therefore deny the same.

36. Defendants deny the allegations set forth in numerical paragraphs 83 and 84 of the Complaint.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 85 of the Complaint, and therefore deny the same.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraphs 86 and 87 of the Complaint, and therefore deny the same. Defendants specifically deny so much of numerical paragraph 87 of the Complaint as alleges that the claim in question was false. Defendants further state that Exhibit 3 to the Complaint speaks for itself.

39. Defendants deny the allegations set forth in numerical paragraphs 88 and 89 of the Complaint.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraphs 90, 91, and 92 of the Complaint, and therefore deny the same. Defendants specifically deny so much of numerical paragraph 92 of the Complaint as alleges that the claim in question was false. Defendants state that Exhibit 4 to the Complaint speaks for itself.

41. Defendants deny the allegations set forth in numerical paragraph 93 of the Complaint.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 94 of the Complaint, and therefore deny the same. Defendants state that the medical records relative to Patient No. 1 speak for themselves.

43. Defendants deny the allegations set forth in numerical paragraph 95 of the Complaint.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of so much of numerical paragraph 96 of the Complaint as alleges that NRHH was reimbursed a specific amount as to Patient No. 1, and therefore deny the same. Defendants deny the remainder of the allegations set forth in numerical paragraph 96 of the Complaint, and specifically deny that any claim was false.

45. Defendants deny the allegations set forth in numerical paragraph 97 of the Complaint.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of so much of numerical paragraph 98 of the Complaint as alleges that NRHH was reimbursed a specific amount relative to Patient No. 1. Defendants deny the remainder of the allegations set forth in numerical paragraph 98 of the Complaint, and specifically deny that the claim was false.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of so much of numerical paragraph 99 of the Complaint as makes allegations concerning the number of episodes NRHH billed for Patient No. 1, and therefore deny the same. Defendants deny the remainder of the allegations set forth in numerical paragraph 99 of the Complaint, and specifically deny that any claim was false.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth numerical paragraph 100 of the Complaint, and therefore deny the same. Defendants specifically deny any allegation in numerical paragraph 100 that any OASIS report

was falsified. Defendants state that the medical records pertaining to Patient No. 1 speak for themselves.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth numerical paragraph 101 of the Complaint, and therefore deny the same. Defendants specifically deny so much of numerical paragraph 101 of the Complaint as alleges that any claim was false.

50. Defendants deny the allegations set forth in numerical paragraph 102 of the Complaint.

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of so much of numerical paragraph 103 of the Complaint as alleges particular episodes, payment amounts, and final payment dates, and therefore deny the same. Defendants deny the remainder of the allegations set forth in numerical paragraph 103 of the Complaint.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth numerical paragraph 104 of the Complaint, and therefore deny the same. Defendants state that the medical records pertaining to Patient No. 2 speak for themselves.

53. Defendants deny the allegations set forth in numerical paragraph 105 of the Complaint.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth numerical paragraphs 106 and 107 of the Complaint, and therefore deny the same.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of so much of numerical paragraph 108 of the Complaint as alleges that NRHH received a specific amount in reimbursement, and therefore deny the same. Defendants deny the remainder of the allegations set forth in numerical paragraph 108 of the Complaint.

56. Defendants deny the allegations set forth in numerical paragraph 109 of the Complaint. Defendants state that the medical records pertaining to Patient No. 2 speak for themselves.

57. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth numerical paragraph 110 of the Complaint, and therefore deny the same. Defendants state that the medical records pertaining to Patient No. 2 speak for themselves.

58. Defendants specifically deny so much of numerical paragraph 111 of the Complaint as alleges that any claim related to Patient No. 2 or Patient No. 2's husband was false. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in numerical paragraph 111 of the Complaint, and therefore deny the same.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of so much of numerical paragraph 112 of the Complaint as sets forth specific episode dates, payment amounts, and final payment dates, and therefore deny the same. Defendants deny the remainder of the allegations set forth in numerical paragraph 112 of the Complaint.

60. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth numerical paragraphs 113 and 114 of the Complaint, and therefore deny the same. Defendants state that the medical records pertaining to Patient No. 3 speak for themselves.

61. Defendants deny the allegations set forth in numerical paragraphs 115 and 116 of the Complaint.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth numerical paragraphs 117, 118, 119, 120, 121, 122, and 123 of the Complaint, and therefore deny the same. Defendants specifically deny any and all allegations within

these numerical paragraphs as allege or imply that NRHH falsified any records or filed any false claims. Defendants state that the medical records pertaining to Patient No. 3 speak for themselves.

63. Defendants deny the allegations set forth in numerical paragraph 124 of the Complaint.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth numerical paragraph 125 of the Complaint, and therefore deny the same. Defendants state that the medical records pertaining to Patient No. 3 speak for themselves.

65. Defendants specifically deny so much of numerical paragraph 126 of the Complaint as alleges that NRHH filed any false claim or created any purposefully inaccurate record or claim related to Patient No. 3 or any other patient. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth numerical paragraph 126 of the Complaint, and therefore deny the same.

66. Defendants specifically deny so much of numerical paragraph 127 of the Complaint as alleges that the vast majority of the skilled therapy and nursing services that NRHH provided to Patient No. 3, and billed to Medicare, were not reasonable and necessary to the treatment of Patient No. 3's condition. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in numerical paragraph 127 of the Complaint, and specifically deny the same. Defendants state that the medical records pertaining to Patient No. 3 speak for themselves.

67. Defendants are without knowledge or information sufficient to form a belief as to the truth of so much of numerical paragraph 128 of the Complaint as sets forth specific episode dates, payment amounts, and final payment dates, and therefore deny the same. Defendants specifically deny the remainder of the allegations set forth in numerical paragraph 128.

68. Defendants deny the allegations set forth in numerical paragraphs 129 and 130 of the Complaint.

69. Defendants admit so much of numerical paragraph 131 of the Complaint as alleges that NRHH contracted with Health Management Associates ("HMA") for certain services. Because numerical paragraph 131 of the Complaint provides an inaccurate and incomplete description of the services provided by HMA, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in numerical paragraph 131 of the Complaint, and therefore deny the same.

70. Defendants admit so much in numerical paragraph 132 of the Complaint as alleges that in or around January 2010, HMA provided NRHH with the results of its review. Defendants deny the remainder of the allegations set forth in numerical paragraph 132 of the Complaint as constituting an out-of-context summarization of the extent of HMA's review and the conclusions of its report.

71. Defendants deny the allegations set forth in numerical paragraph 133 of the Complaint.

72. Defendants deny numerical paragraph 134 of the Complaint to the extent it states or implies that NRHH had any obligation to repay Medicare any sums relative to the HMA report. Defendants admit so much of numerical paragraph 134 of the Complaint as alleges or attempts to allege that NRHH has not, to date, repaid Medicare any sums relative to the HMA report. Defendants deny any other allegations made by numerical paragraph 134 of the Complaint.

73. Defendants admit so much of numerical paragraph 135 of the Complaint as alleges that NRHH has a Community Education Department which employs persons referred to by NRHH as Community Educators. Defendants deny the remainder of the allegations set forth in numerical paragraph 135 of the Complaint as an inaccurate and incomplete characterization of the purpose and

role of NRHH's Community Education Department and its Community Educators.

74. Defendants are without knowledge or information sufficient to form a belief as to the truth of so much of numerical paragraph 136 of the Complaint as references "referral sources" and therefore denies the same. Defendants do not know what is meant by "referral sources." Defendants admit the remainder of the allegations set forth in numerical paragraph 136 of the Complaint, but specifically state that the description of the role of Community Educators is incomplete.

75. Because numerical paragraphs 137, 138, 139, and 140 of the Complaint present an incomplete, inaccurate, and biased characterization of the means used by NRHH to compensate Community Educators, Defendants deny the allegations set forth in numerical paragraphs 137, 138, 139, and 140 of the Complaint.

76. Defendants deny the allegations set forth in numerical paragraphs 141, 142, 143, and 144 of the Complaint.

77. Defendants admit so much of numerical paragraph 145 of the Complaint as alleges that during certain time frames NRHH wrote checks payable to Dr. William Childers. Defendants deny the remainder of the allegations set forth in numerical paragraph 145 of the Complaint, as such numerical paragraph misrepresents and mischaracterizes the nature and purpose of such payments, and is not based upon the facts. Defendants state that Exhibit 5 of the Complaint speaks for itself.

78. Defendants admit so much of numerical paragraph 146 of the Complaint as alleges that Dr. Childers is a physician and it admits so much of numerical paragraph 146 of the Complaint as alleges that Dr. Childers has referred patients to NRHH. Defendants deny so much of numerical paragraph 146 of the Complaint as states or implies that any referrals by Dr. Childers to NRHH were illegal or improper. Defendants are without knowledge or information sufficient to form a belief as

to the truth of the remainder of the allegations set forth in numerical paragraph 146 of the Complaint, and therefore deny the same.

79. Defendants admit so much of numerical paragraph 147 of the Complaint as alleges that NRHH wrote a check to Dr. David Keedy. Defendants deny so much of numerical paragraph 147 of the Complaint as alleges or implies that this check was for any improper or illegal purpose. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in numerical paragraph 147 of the Complaint, and therefore deny the same. Defendants state that Exhibit 6 to the Complaint speaks for itself.

80. Defendants deny the allegations set forth in numerical paragraphs 148, 149, 150, 151, and 152 of the Complaint.

81. Defendants deny so much of numerical paragraph 153 of the Complaint as alleges or implies that any tickets were purchased for any physicians or the staff members of any physicians for any illegal purpose, including, but not limited to, the inducement of referrals. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in numerical paragraph 153 of the Complaint, and therefore deny the same. Defendants state that Exhibit 7 to the Complaint speaks for itself.

82. Defendants admit so much of numerical paragraph 154 of the Complaint as alleges that Dr. Danilo Corales and Dr. Thomas Von Unrug referred patients to NRHH from time-to-time. Defendants deny so much of numerical paragraph 154 of the Complaint as implies or alleges that such referrals were for any illegal purpose, or as a result of any improper inducement. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in numerical paragraph 154 of the Complaint, and therefore deny the same.

83. Defendants specifically deny so much of numerical paragraph 155 of the Complaint as alleges that the nurses referenced therein were "referral sources." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in numerical paragraph 155 of the Complaint, and therefore deny the same.

84. Defendants deny the allegations set forth in numerical paragraph 156 of the Complaint, and state that the allegations of numerical paragraph 156 constitute a distortion of the referenced exhibit.

85. Defendants deny so much of numerical paragraph 157 of the Complaint as implies or alleges that NRHH provided any thing of value to a physician or a physician's staff for any improper purpose, including, but not limited to, referrals. Defendants state that the balance of numerical paragraph 157 appears to be a characterization of an exhibit attached to the Complaint and Defendants therefore deny the remainder of the allegations set forth in numerical paragraph 157 of the Complaint.

86. Because Defendants are without knowledge or information concerning the nature of any communications between Dr. Gus Bynum and any Community Educator, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 158 of the Complaint, and therefore deny the same.

87. Defendants deny the allegations set forth in numerical paragraphs 159, 160, and 161 of the Complaint.

88. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraphs 162, 163, and 164 of the Complaint, and therefore deny the same.

89. Defendants deny the allegations set forth in numerical paragraphs 165, 166, and 167 of the Complaint.

90. Defendants admit the allegations set forth in numerical paragraph 168 of the Complaint, but specifically deny any inference that the "tracking" referenced in numerical paragraph 168 was for any illegal or improper purpose.

91. Defendants deny the allegations set forth in numerical paragraph 169 of the Complaint.

92. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 170 of the Complaint, and therefore deny the same.

93. Defendants deny the allegations set forth in numerical paragraphs 171, 172, 173, and 174 of the Complaint.

94. In response to numerical paragraph 175 of the Complaint, Defendants restate and incorporate herein their responses to numerical paragraphs 1 - 174 of the Complaint.

95. Defendants deny the allegations set forth in numerical paragraphs 176, 177, 178, 179, and 180 of the Complaint.

96. In response to numerical paragraph 181 of the Complaint, Defendants restate and incorporate herein their responses to numerical paragraphs 1 - 174 of the Complaint.

97. Defendants deny the allegations set forth in numerical paragraphs 182, 183, 184, and 185 of the Complaint.

98. In response to numerical paragraph 186 of the Complaint, Defendants restate and incorporate herein their responses to numerical paragraphs 1 - 174 of the Complaint.

99. Defendants deny the allegations set forth in numerical paragraph 187, 188, and 189 of

the Complaint.

100. In response to numerical paragraph 190 of the Complaint, Defendants restate and incorporate herein their responses to numerical paragraphs 1 - 174 of the Complaint.

101. Defendants deny the allegations set forth in numerical paragraphs 191, 192, and 193 of the Complaint.

102. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 194 of the Complaint, and therefore deny the same.

103. Defendants deny the allegations set forth in numerical paragraph 195 of the Complaint.

104. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 196 of the Complaint, and therefore deny the same.

105. Defendants deny the allegations set forth in numerical paragraph 197 of the Complaint.

106. In response to numerical paragraph 198 of the Complaint, Defendants restate and incorporate herein their responses to numerical paragraphs 1 - 174 of the Complaint.

107. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 199 of the Complaint, and therefore deny the same.

108. Defendants deny the allegations set forth in numerical paragraphs 200 and 201 of the Complaint.

109. In response to numerical paragraph 202 of the Complaint, Defendants restate and incorporate herein their responses to numerical paragraphs 1 - 174 of the Complaint.

110. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 203 of the Complaint, and therefore deny the same.

111. Defendants deny the allegations set forth in numerical paragraph 204 of the Complaint.

112. Defendants deny so much of numerical paragraph 205 of the Complaint as alleges that Defendants are liable to account for and pay any amounts to the United States. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in numerical paragraph 205 of the Complaint, and therefore deny the same.

113. Defendants deny the allegations set forth in numerical paragraphs 1, 2, 3, and 4 of the Prayer for Relief of the Complaint.

114. Defendants deny any and all allegations made or set forth in the Complaint which are not specifically admitted or denied herein.

FIFTH DEFENSE

Defendants assert and rely upon their constitutional rights of free speech and association as an affirmative defense to the allegations of the Complaint. Defendants have the right to speak with and associate with whom they choose, including physicians and the staff of physicians.

SIXTH DEFENSE

Defendants assert and rely upon their constitutional rights of free speech and association as an affirmative defense to the allegations of the Complaint. Defendants have the right to contribute to the political campaigns of the candidates they choose, including the candidacy of any physician.

SEVENTH DEFENSE

The applicable statutes of limitation under the False Claims Act serve as a complete bar to

claims and causes of action asserted in the Complaint.

## EIGHTH DEFENSE

The applicable statutes of limitation under the False Claims Act serve as a partial bar to claims and causes of action asserted in the Complaint.

## NINTH DEFENSE

The applicable statutes of limitation act to bar, in whole or in part, the claims of common law fraud, unjust enrichment, and payment by mistake asserted in the Complaint.

## TENTH DEFENSE

The claims and causes of action for unjust enrichment are not actionable against the defendant, Lennie G. House.

## ELEVENTH DEFENSE

The claims and causes of action for payment by mistake are not actionable against the defendant, Lennie G. House.

## TWELFTH DEFENSE

By way of affirmative defense, Defendants state that claims were not "presented" to the United States as required to assert a cause of action under the False Claims Act.

## THIRTEENTH DEFENSE

The amendments to the False Claims Act enacted pursuant to the Fraud Enforcement and Recovery Act of 2009 are not applicable to the allegations of the Complaint.

## FOURTEENTH DEFENSE

The amendments to the False Claims Act enacted pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act are not applicable to the claims and causes of action asserted

in the Complaint.

## FIFTEENTH DEFENSE

By virtue of the prior settlement between NRHH and the United States, there has been an accord and satisfaction, and as a result, the claims and causes of action asserted in the Complaint are barred, in whole or in part.

## SIXTEENTH DEFENSE

The prior settlement between the United States and NRHH constitutes an estoppel, and therefore, the claims and causes of action asserted in the Complaint are barred, in whole or in part.

## SEVENTEENTH DEFENSE

The prior settlement between the United States and NRHH constitutes a release, and as a result, the claims and causes of action asserted in the Complaint are barred, in whole or in part.

## EIGHTEENTH DEFENSE

The amendments to the False Claims Act enacted pursuant to the Fraud Enforcement and Recovery Act of 2009 are *ex post facto*, and are therefore unconstitutional and inapplicable to the claims and causes of action asserted in the Complaint.

## NINETEENTH DEFENSE

The treble damages permitted under the False Claims Act are unduly punitive in nature, and are therefore unconstitutional and otherwise in violation of principles of law and equity, and are not applicable to the claims and causes of action asserted in the Complaint.

## TWENTIETH DEFENSE

The penalties, civil fines, and civil monetary penalties permitted by the False Claims Act are unconstitutional, unduly punitive, and otherwise in violation of principles of law and equity, and are

not applicable to the claims and causes of action asserted in the Complaint.

## TWENTY-FIRST DEFENSE

The "relators" are not entitled to participate in or receive any relief or recovery from the allegations of the Complaint because the relators' *qui tam* complaint is based on a "public disclosure."

## TWENTY-SECOND DEFENSE

The "relators" are not entitled to participate in or receive any relief or recovery from the allegations of the Complaint because the relators do not qualify as original sources under the False Claims Act.

## TWENTY-THIRD DEFENSE

Defendants plead and rely upon anything which may constitute and avoidance or affirmative defense.

WHEREFORE, the defendants, Nurses' Registry Home Health Corporation and Lennie G. House, pray as follows:

1. That the Complaint be dismissed with prejudice and held for naught;

2. For leave to amend this Answer to assert other affirmative defenses which may become apparent during the course of discovery or which may have been inadvertently omitted;

3. For all costs incurred herein, including a reasonable fee for their attorneys; and

4. For any and all other relief to which Defendants may appear entitled, including a trial by jury on any and all issues so triable herein.

## JURY TRIAL DEMAND

The defendants, Nurses' Registry Home Health Corporation and Lennie G. House, hereby demand a trial by jury on any and all issues so triable herein.

Respectfully submitted,

JOHNSON, TRUE & GUARNIERI, LLP

 /s/ J. Guthrie True
J. Guthrie True
Whitney True Lawson
326 West Main Street
Frankfort, KY  40601
Telephone:  (502) 875-6000
Facsimile:  (502) 875-6008
E-mail:  gtrue@jtgattorneys.com

*Attorneys for Defendants, Nurses' Registry and Home Health Corporation and Lennie G. House*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Answer of Defendants Nurses' Registry Home Health Corporation and Lennie G. House has been served this 31st day of October, 2012, by U.S. Mail, postage prepaid on the following:

| | |
|---|---|
| Hon. Paul McCaffrey<br>Hon. Valorie D. Smith<br>Assistant United States Attorney<br>Eastern District of Kentucky<br>260 West Vine Street<br>Lexington, KY 40507<br>Telephone: 859-685-4820<br>Fax: 859-233-2533<br>cheryl.morgan@usdoj.gov<br>pail.maccaffrey@usdoj.gov<br>valorie.d.smith@usdoj.gov<br>*Counsel for the United States of America* | Hon. David J. Guarnieri<br>201 East Main Street<br>Suite 1000<br>Lexington, KY 40507-2003<br>Telephone: 859-231-8780<br>Fax: 859-231-6518<br>dguarnieri@mmlk.com<br>*Counsel for Defendant, Vicki S. House* |
| Hon. Brian A. Ritchie<br>Hon. William Nicholas Wallingford<br>Wallingford Law, PSC<br>3141 Beaumont Centre Circle<br>Suite 302 Lexington, KY 40513<br>Telephone:859-219-0066<br>Fax: 859-219-0077<br>brian@wallingfordlaw.com<br>nick@wallingfordlaw.com<br>*Counsel for Plaintiff, David A. Price* | Hon. Mark A. Wohlander<br>1316 New Ridge Court<br>Lexington, KY 40514-1284<br>Telephone: 859-361-5604<br>Fax: 859-309-1698<br>wohlanderlaw@insightbb.com<br>*Counsel for Plaintiff, Alisia Robinson-Hill* |
| Hon. Richard S. Nicholson<br>U.S. Department of Justice<br>Civil Division, Civil Fraud Section<br>601 D. Street, NW, Room 9928<br>Washington, D.C.  20004 | |

/s/ J. Guthrie True<br>J. Guthrie True

C:\MyFiles\jgt\nurses registry\Pleadings\Answer to Complaint in Intervention.wpd