UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:08-145-KKC

UNITED STATES OF AMERICA
ex rel. ALISIA ROBINSON-HILL and
DAVID A. PRICE,

PLAINTIFFS

v.                                   **MEMORANDUM OPINION AND ORDER**

NURSES' REGISTRY AND HOME
HEALTH CORP., LENNIE G. HOUSE,
and VICKI HOUSE

DEFENDANTS

* * * * * * * * * * *

This matter is before the Court on Defendants' Joint Motion to Reconsider the Memorandum Opinion and Order of October 2, 2012. (DE 88). For the reasons stated below, the Court will deny Defendants' Motion.

## I. BACKGROUND

This is a False Claims Act ("FCA") case that started as a *qui tam* action (DE 1) filed by Relators, Alisia Robinson-Hill and David Price, against their former employer, Defendant Nurses' Registry and Home Health Corp ("Nurses' Registry"). On July 22, 2011, the Government intervened (DE 29, 46) and the Relators' Complaint was unsealed. (DE 30). Thereafter, Nurses' Registry filed a motion to dismiss the Relators' *qui tam* Complaint. (DE 58). The Relators filed a motion to amend their *qui tam* Complaint (DE 63) and tendered their proposed First Amended Complaint. After briefing and oral argument, the Court issued a Memorandum Opinion and Order on October 2, 2012, which granted in part and denied in part Defendants' motion to dismiss, and granted the Relators' motion to amend their *qui tam* Complaint. Defendants now ask the Court to amend that

Opinion and Order (1) to deny the Relators' motion to amend and (2) to strike the First Amended Complaint.

## II.  ANALYSIS

Motions to reconsider are evaluated under the same standard as a motion to alter or amend a judgment under Rule 59(e). *Howard v. Magoffin Co. Bd. of Educ.*, 830 F. Supp. 2d 308, 319 (E.D. Ky. 2012) (citing *Keith v. Bobby*, 618 F.3d 594, 597-98 (6th Cir. 2010)). To succeed, Defendants must show one of the following: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id.* (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).  However, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Defendants argue that it would be clear error to permit the filing of a First Amended Complaint after the Court has acknowledged the sufficiency and primacy of the Complaint in Intervention.  The Court addressed and rejected these arguments in its Memorandum Opinion and Order and allowed the Relators to file an amended complaint.  (DE 87 at 16-17).  The Court found that while the Relators' Complaint was superseded by the Government's Complaint in Intervention with respect to allegations of fraud, the Motion to Amend would be granted and the First Amended Complaint entered in the record.  (*Id.*)  The Court acknowledged that with this First Amended Complaint, the Relators sought to omit the claim relating to fraudulent co-payment waivers.  The United States had not intervened on the issues related to that claim.

Additionally, Defendants now argue that filing the First Amended Complaint serves no purpose.  New arguments such as these are not appropriate on a motion to reconsider and will not

be considered. *Sault Ste. Marie*, 146 F.3d at 374. Because Defendants have not established a clear error of law, or any of the other bases for reconsideration, their motion will be denied.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' Joint Motion to Reconsider the Memorandum Opinion and Order of October 2, 2012 (DE 88) is DENIED.

IT IS FURTHER ORDERED that, in light of the Memorandum Opinion and Order of October 2, 2012, the Relators' Motion to Strike Portions of Nurses' Registry's Reply Memorandum (76) and Nurses' Registry's Motion to File Supplemental Memorandum in Support of Motion to Dismiss (DE 82) are DENIED as moot.

This 20th day of March, 2013.

**Signed By:**

*Karen K. Caldwell*

**United States District Judge**