UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:08-145-KKC

UNITED STATES OF AMERICA
ex rel. ALISIA ROBINSON-HILL and
DAVID A. PRICE,

                                                        PLAINTIFFS

v.                          **MEMORANDUM OPINION AND ORDER**

NURSES' REGISTRY AND HOME
HEALTH CORP., LENNIE G. HOUSE,
and VICKI HOUSE

                                                        DEFENDANTS

* * * * * * * * * * *

This matter is before the Court on the United States' Motion to Strike. (DE 95). The government has moved to strike ten of the defenses asserted by Defendants in their Answers. (DE 91, 93). Because these defenses are insufficient as a matter of law, the Court will grant the United States' Motion and strike the defenses from the Answers pursuant to Federal Rule 12(f) of Civil Procedure.

This is a False Claims Act ("FCA") case that started as a *qui tam* action (DE 1) filed by Relators, Alisia Robinson-Hill and David Price, against their former employer, Defendant Nurses' Registry and Home Health Corp ("Nurses' Registry"). On July 22, 2011, the government intervened (DE 29, 46) and the Relators' Complaint was unsealed. (DE 30). The government subsequently filed its Complaint in Intervention on September 2, 2011, naming Nurses' Registry, Lennie G. House, and Vicki S. House as defendants. (DE 46). Defendants moved to dismiss the Relators' Complaint and the Complaint in Intervention, and the Court ruled on those motions. (DE 87). Defendants have since responded to the Complaint in Intervention and have raised several

defenses that echo arguments previously addressed by this Court. The government now seeks to strike ten of these defenses.

## I. ANALYSIS

### A. <u>Standard on Motion to Strike</u>

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Sixth Circuit has held that "the action of striking a pleading should be sparingly used by the courts" and should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953). An affirmative defense is insufficient when, as a matter of law, the defense cannot succeed under any circumstances. *Id. See also Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997). "A motion to strike an affirmative defense . . . for legal insufficiency is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) (internal quotation marks and citations omitted), *rev'd and vacated on other grounds by Salcer v. Envicon Equities Corp.*, 478 U.S. 1015 (1986).

Although disfavored, the decision whether to strike an affirmative defense is wholly discretionary. *Conocophillips Co. v. Shaffer,* 2005 WL 2280393, at *2 (N.D. Ohio Sept. 19, 2005) ("Rule 12(f) permits the Court to act with discretion in that it may strike irrelevant and superfluous defenses or let them stand. There is absolutely no harm in letting them remain in the pleadings if, as the Plaintiff contends, they are inapplicable.") Motions to strike, however, may

2

serve important purposes in the appropriate circumstances. These motions may "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Kennedy v. City of Cleveland,* 797 F.2d 297, 305 (6th Cir. 1986) (quoting *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983).

**B.** <u>**Affirmative Defenses**</u>

**1. Accord and Satisfaction (Fifteenth Defense), Estoppel (Sixteenth Defense), and Release (Seventeenth Defense)**

In the related Fifteenth, Sixteenth, and Seventeenth Defenses, Defendants take the position that the government's previous investigation of Nurses' Registry bars these claims. In 2005, Nurses' Registry and the government entered into a Settlement Agreement resolving claims based on conduct by Nurses' Registry between 1997 and 2003. Under the Settlement Agreement, Nurses' Registry paid a settlement in exchange for a release of civil liability for that conduct. (DE 1-1). As part of the Settlement Agreement, Nurses' Registry entered into a Corporate Integrity Agreement with the government that was in effect until 2008. Via these three defenses, Defendants now claim that the Settlement Agreement and the government's failure to act during the Corporate Integrity Agreement bar the government's claims. As this Court has previously noted, the government has limited itself to claims accruing on or after January 1, 2004, based on the prior settlement – claims that do not overlap with the earlier conduct.

Defendants cannot establish the legal elements of any of these defenses. The elements of accord and satisfaction are (1) a disputed claim, (2) a substituted performance agreed upon and accomplished, and (3) valuable consideration. *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. (UAW) v. Yard-Man, Inc.*, 716 F.2d 1476, 1487-88 (6th Cir. 1983).

3

These elements cannot be met because the "claims and causes of action asserted in the Complaint" are distinct from the disputed claims resolved in the prior settlement. A release must be interpreted according to contract principles, and where the release is unambiguous, such language controls the scope of the release. *Bell BCI Co. v. United States*, 570 F.3d 1337, 1341 (Fed. Cir. 2009) ("We look to the plain language of the release, as "if the 'provisions are clear and unambiguous, they must be given their plain and ordinary meaning.'"(citation omitted)). Here, the release governs only conduct through 2003. Even if the conduct before and after the release were proved to be the same or similar, the release clearly only serves to impact conduct through 2003. As for estoppel, the required elements are (1) misrepresentation by the party against whom estoppel is asserted; (2) reasonable reliance on the misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel. *Michigan Exp., Inc. v. United States*, 374 F.3d 424, 427 (6th Cir. 2004). When a party asserts estoppel against the government, the party also must demonstrate affirmative misconduct by the government. *Id.* In this case, there is no affirmative conduct; Defendants argue the government did nothing. The Sixth Circuit and courts in this District have rejected arguments that government's overlapping knowledge of health care provider misconduct can excuse that misconduct. *United States v. Villaspring Health Care Ctr., Inc.*, No. 3:11-43-DCR, 2011 WL 6337455, at *3 (E.D. Ky. Dec. 19, 2011) (specifically rejecting estoppel argument); *see also United States v. Honeywell Int'l, Inc.*, 841 F. Supp. 2d 112, 115-16 (D.D.C. 2012) (striking implausible estoppel defense to False Claims Act action). Because Defendants cannot satisfy the elements of any of these defenses, each defense is insufficient as a matter of law.

Accordingly, these affirmative defenses of accord and satisfaction, release, and estoppel will be stricken.

4

### 2.   Statute of Limitations Defenses (Second, Seventh, and Ninth Defenses)

In the Second, Seventh, and Ninth Defenses, Defendants renew several overlapping defenses based on the applicable statute of limitations.  Defendants previously raised these arguments in their Motion to Dismiss the Complaint in Intervention.  The Court has rejected the argument that the applicable statute of limitations bars the FCA or common law claims entirely. (DE 87).  "A motion to strike a defense may be granted where the same defense was rejected by the Court in denying the defendant's motion to dismiss." *United States v. Hempfling*, No. 05-594, 2007 WL 1299262, at *5 (E.D. Cal. May 1, 2007).  As a result, the Second, Seventh, and Ninth Defenses will be stricken to the extent that they plead the government's claims are completely timebarred.  *Id*

### 3.   Defenses Concerning Application of Amendment to the False Claims Act (Thirteenth and Eighteenth Defenses)

Like the statute of limitations defenses, the Court has addressed Defendants arguments that certain amendments to the FCA are inapplicable and/or unconstitutional.  Defendants have challenged the impact of the Fraud Enforcement Recovery Act of 2009 ("FERA") on the FCA. Defendants argue that certain FERA amendments to the FCA were retroactive and that retroactive application of FERA amendments violated the *ex post facto* clause of the Constitution.  In resolving the motions to dismiss, the Court rejected these challenges (DE 87), and the Sixth Circuit recently rejected similar arguments.  *Sanders v. Allison Engine Co., Inc.*, 703 F.3d 930, 942 (6th Cir. 2012).  As a result, these defenses are insufficient as a matter of law, and thus will be stricken.

### 4. "Catch all" Defense (Twenty-Third Defense)

With this defense, Defendants attempt to assert that they "rely upon anything which may constitute" an affirmative defense. (DE 91, 93). Affirmative defenses must be pleaded so as to give plaintiffs fair notice of the nature of the defense. *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006). This reservation to assert other unnamed defenses in the future does not satisfy that standard. Such a defense is not one of the affirmative defenses listed in Federal Rule 8(c) of Civil Procedure, and so is improper. *Paducah River Painting, Inc. v. McNational Inc.*, No. 5:11-CV-135-R, 2011 WL 5525938, at *5 (W.D. Ky. Nov. 14, 2011) (striking a similar defense). The proper course for parties who wish to assert additional affirmative defenses as they may arise is to seek leave to amend. Fed. R. Civ. P. 15(a). Accordingly, this defense is insufficient and will be stricken.

### 5. Defense Based on Court's Prior Opinion (Third Defense)

Like the Twenty-Third Defense, this is not an affirmative defense or counterclaim under Federal Rule 8(c) of Civil Procedure. Instead, it states that "Certain claims and causes of actions asserted in the Complaint have been dismissed or limited by virtue of the Order entered on September 29, 2012 (DE 84) and by the Memorandum Opinion and Order entered on October 2, 2012 (DE 87)." (DE 91, 93). This statement serves no purpose, and it is misleading. Certain claims have been deemed timebarred but not dismissed. To the extent this defense reiterates Defendants' assertion that certain claims are timebarred, it is redundant. As a result, this defense will be stricken.

## II. CONCLUSION

Accordingly, for the above stated reasons, IT IS HEREBY ORDERED as follows:

(1) The United States' Motion to Strike (DE 95) is GRANTED; and

(2) The following defenses are hereby STRICKEN from Defendants' Answers (91, 93):

    a.  The Second Defense, to the extent it pleads that the government's claims are entirely timebarred;

    b.  The Third Defense;

    c.  The Seventh Defense;

    d.  The Ninth Defense, to the extent it pleads that the government's claims are entirely timebarred;

    e.  The Thirteenth Defense;

    f.  The Fifteenth Defense;

    g.  The Sixteenth Defense;

    h.  The Seventeenth Defense;

    i.  The Eighteenth Defense; and

    j.  The Twenty-Third Defense.

This 20th day of March, 2013.

**Signed By:**

*Karen K. Caldwell*

**United States District Judge**