UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:08-145-KKC

UNITED STATES OF AMERICA
ex rel. ALISIA ROBINSON-HILL and
DAVID A. PRICE,                                                                              PLAINTIFFS

v.                         **MEMORANDUM OPINION AND ORDER**

NURSES' REGISTRY AND HOME
HEALTH CORP., LENNIE G. HOUSE,
and VICKI HOUSE                                                                               DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Compel filed by the United States. (DE 114). With this motion, the government seeks to compel production of certain financial documents from Defendants Nurses' Registry and Home Health Corp, Lennie House, and Vicki House. Defendants argue that they have already provided sufficient discovery responsive to this request, and that the additional information sought is burdensome, unduly intrusive, and not relevant to the claims of unjust enrichment or payment by mistake. The government, however, argues that the documents sought are relevant and has offered proposals for limiting the production of responsive documents. For the reasons stated below, the motion will be granted.

**I.  Background**

At issue in the government's motion to compel is a request for production of documents propounded on Nurses' Registry on November 28, 2012. In particular, the motion seeks an order compelling the disclosure of documents responsive to Request for Production No. 7, which went unanswered by Nurses' Registry other than by way of objection. The discovery request seeks the production of "all documents reflecting the transfer of remuneration from [Nurses' Registry] to

Lennie House, Vicki House, or any entity owned, operated, or controlled by Lennie House or Vicki House." (DE 114-2 at 8). The discovery request defines "remuneration" as "any payment made directly or indirectly, overtly or covertly, in case or in kind." (*Id.* at 3). The government contends that the requested documents are relevant to prove the amount of funds Nurses' Registry paid or transferred to the Houses and the purpose of any payments or transfers and thus substantiate its claims of unjust enrichment and payment by mistake.

Nurses' Registry responded to this request with an objection based on several grounds. (DE 114-9). Nurses' Registry notes that the government previously had subpoenaed bank records from Central Bank & Trust Company, BB& Corp., First Farmers Bank, and Peoples Bank of London. According to Nurses' Registry, "a review of checks produced from Central Bank & Trust Company indicates the government is already in possession of this information." (*Id.*). Nurses' Registry claims that the government essentially seeks post-judgment asset discovery with this request.

## II. Analysis

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The information sought through discovery need not be admissible at trial so long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rule 26 has been 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Marsico v. Sears Holding Corp.,* 370 F. App'x 658, 664 (6th Cir. 2010) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)).

The government contends that the discovery sought is related to its common law claims for unjust enrichment and payment by mistake against Lennie and Vicki House. Defendants sought dismissal of those claims because no money was paid directly from the government to Lennie or Vicki House. When denying Defendants' motion to dismiss these claims, this Court held that "[t]o recover based on unjust enrichment and payment by mistake theories, it is not necessary that money has been paid directly to individual defendants if the individual defendants received payment indirectly through his or her control of a company that received improper payments and the individuals participated in the wrongful conduct." (DE 87, Memorandum Opinion and Order of October 2, 2012, at 14). In making this ruling, the Court relied on two cases involving at least some discovery into similar issues: *United States ex rel. Roberts v. Aging Care Home Health, Inc.*, 474 F.Supp. 2d 810, 821 (W.D. La. 2007); *United States v. Rogan*, 459 F. Supp. 2d 692, 727-28 (N.D. Ill. 2006); *United States ex rel. Piacentile v. Wolk*, 1995 WL 20833, at *5 (E.D. Pa. Jan 17, 1995).

The government argues that the purpose of its request is "to determine the amount of funds that NR paid or transferred to the Houses and the companies they control, and the purposes for which such payments or transfers were made." (DE 125). The government states that, contrary to what Nurses' Registry has suggested, it does not seek how the Houses spent whatever they received from Nurses' Registry, but to discover information relevant to its common law claims. For example, the government desires information related to American Express charges paid by Nurses' Registry. The government states that while the Central Bank records reveal payments to American Express (totaling $1,240,114.03 in the relevant period), the bank records do not show whether the charges benefited the Houses or the corporation. In addition, the

3

government seeks the production of tax documents from the Houses and corporate accounting records from Nurses' Registry.

Nurses' Registry, on the other hand, believes the government possesses information relevant to its claims within the 62,000 pages of financial information produced from its Central Bank accounts. Nurses' Registry contends that further production is unnecessary in light of the material already provided. Moreover, Nurses' Registry argues that production of personal information in tax records or in American Express records is intrusive and burdensome.

Under the broad discovery permitted by the Federal Rules, the government may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." Fed. R. Civ. P. 26(b)(1). The Court agrees that the documents sought in Request for Production No. 7 are relevant to the claims of unjust enrichment and payment by mistake. *See Alvarez v. Wallace,* 107 F.R.D. 658, 661 (W.D. Tex. 1985) ("The fact that certain information is also useful in executing a judgment does not render that information unsusceptible to discovery prior to judgment if it also tends to prove Plaintiffs' case in chief."). "When the discovery material sought appears to be relevant, the party who is resisting production has the burden to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Groupwell Int'l (HK) Ltd. v. Gourmet Exp., LLC*, 277 F.R.D. 348, 359 (W.D. Ky. 2011) (internal quotation marks and citations omitted). Nurses' Registry has not made this showing, especially in light of the proposals made by the government to adjust the discovery request. Therefore, the Court finds that the information sought is relevant and will grant the motion to compel.

**III. Conclusion**

Accordingly, IT IS HEREBY ORDERED:

1. The Motion to Compel (DE 114) filed by the United States is GRANTED IN PART as follows:

    a. No documents duplicative of the Central Bank records (checks copies, bank statements, etc.) need be produced.

    b. Information on the American Express statements revealing how Lennie House and Vicki House spent any funds provided by Nurses' Registry may be redacted.

    c. An agreed protective order governing the use of responsive records may be filed.

2. Defendant Nurses' Registry shall begin producing documents responsive to Request No. 7 of the United States' Ninth Request for Production of Documents within fourteen days of the entry of this Order, and that all documents responsive to Request No. 7 shall be produced within sixty (60) days of entry of this Order.

This 7th day of June, 2013.

Signed By:
*Karen K. Caldwell*
United States District Judge