UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES ex rel. ALICIA ROBINSON-HILL and DAVID A. PRICE,<br><br>    Plaintiffs,<br><br>V.<br><br>NURSES' REGISTRY AND HOME HEALTH CORP., LENNIE G. HOUSE, and VICKI S. HOUSE,<br><br>    Defendants. | CIVIL ACTION NO. 5:08-145-KKC<br><br><br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendants' joint motion to strike twelve (12) witnesses—Denise Allison, Gary Burcham, Jennifer Cleaver, Sarah Cord, Tawnya Colwell, Kari Kaufman, Nancy Noffsinger Owen, Christy Pope, Becky Rhodus, Angela Kirk Staiano, Sherri Webb, and Nicole Whitfield—that the government disclosed in its Second Supplemental Rule 26(a)(1) Disclosures (DE 202). The defendants argue that the United States' disclosure of these witnesses was untimely under Rule 26(e)(1), so the government should be prohibited from calling them at trial pursuant to Rule 37(c)(1). Fed. R. Civ. P. 26(e)(1), 37(c)(1). The United States objects to the defendants' motion to strike, asserting that it had no obligation to disclose the twelve witnesses because they were already known to the defendants, and, in any event, the disclosure was timely (DE 213).

Rule 26(e)(1)(A) requires a party to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, *and* if the additional or corrective information has not otherwise been made known to the

other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). Here, there was no obligation for the government to supplement its disclosures because the twelve witnesses had "otherwise been made known" to the defendants through the discovery process. Each of the twelve witnesses is a former employee of defendant Nurses' Registry. (DE 213-1). Indeed, five of the challenged witnesses—Burcham, Kaufman, Noffsinger Owen, Kirk Staiano, and Webb—were identified in Nurses' Registry and Lennie House's joint Rule 26(a)(1) disclosures as "present or former employees of NRHH who are likely to have discoverable information that these defendants may use to support their claims or defenses." (DE 213-2). In addition, the other seven witnesses were identified during the discovery process. Specifically, witnesses Allison, Cleaver, Cord, Colwell, Pope and Whitfield were disclosed in documents produced by the defendants (DE 213-7, DE 213-8) and witnesses Rhodus and Allison were each disclosed and discussed in depositions taken of other witnesses (DE 213-4, DE 213-5, DE 213-6). Because the twelve (12) witnesses were otherwise made known to the defendants in the course of litigation, there is no prejudice to the defendants in allowing the witnesses' testimony at trial. Fed. R. Civ. P. 37(c)(1). Accordingly, the defendants' joint motion to strike (DE 202) is **DENIED**.

Dated May 12, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY